# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL J. MODJESKA,**

        Plaintiff,

    **-vs-**                    **Case No. 12-C-1020**

**UNITED PARCEL SERVICE INC.,**

        Defendant.

---

## DECISION AND ORDER

---

This Decision and Order addresses the parties' motions in limine and Plaintiff Michael J. Modjeska's ("Modjeska") motion for clarification, in advance of a jury trial, scheduled to begin on November 3. The trial will be had on the following claims brought by Modjeska against Defendant United Parcel Service ("UPS") under the Americans with Disabilities Act of 1990, as amended in 2008, 42 U.S.C. § 12101, *et seq.* ("ADA") and under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"): ADA claims of failure to accommodate Modjeska's left arm functional limitations; harassment because of his learning impairment and left arm functional limitation; and retaliation (Count I); and an FMLA retaliation claim based on his constructive discharge following his alleged announced intention to use FMLA leave (Count II).

## I. Evidence Relating to Back Pay, Reinstatement, and Front Pay

UPS moves to preclude Modjeska from presenting any evidence before the jury, including the November 2013, damages report of Bruce D. Niendorf, Ph.D. ("Niendorf") (Attach. A, UPS Reply Br., ECF No. 80-1) concerning back pay, reinstatement, and front pay. (ECF No. 56.) UPS contends that under the ADA such remedies are equitable remedies for the Court and, under Fed. R. Evid. R. 403, the evidence's probative value is substantially outweighed by the danger of undue delay, wasting time and unfair prejudice to UPS.

Back pay, and reinstatement or front pay in lieu of reinstatement under the ADA are equitable matters for the Court to decide. *See Pals v. Schepel Buick & GMC Truck, Inc.,* 220 F.3d 495, 501 (7th Cir. 2000).[1] Additionally, there is no right to a jury trial with respect to the remedies afforded for ADA retaliation claims. *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 965 (7th Cir. 2004).

The Court of Appeals for this Circuit has not directly addressed the issue with respect to such remedies under the FMLA. However, with

---

[1] However, the jury may award compensatory damages and punitive damages on Modjeska's claim of unlawful discrimination and failure to accommodate. *See* 42 U.S.C. § 1981a(a)(2) & (c). *See also generally, E.E.O.C. v. AutoZone, Inc.,* 707 F.3d 824, 831 (7th Cir. 2013); *Sanders v. Ill. Dep't of Cent. Mgmt. Servs.,* No. 09-3207, 2012 WL 549591, at * 2 (C.D. Ill. Feb. 21, 2012).

respect to *back pay* under the FMLA, *Franzen v. Ellis Corp.*, 543 F.3d 420, 425 (7th Cir. 2008), suggests that the appeals court was inclined to find a right to a jury trial.[2] *See Walters v. Mayo Clinic Health Sys.-EAU Claire*

---

[2] The FMLA provides as followings as to damages:

> Any employer who violates section 2615 of this title shall be liable to any eligible employee affected--
>
> **(A)** for damages equal to--
>
> **(i)** the amount of--
>
> **(I)** *any wages, salary, employment benefits, or other compensation denied or lost to such employee* by reason of the violation; or
>
> **(II)** in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;
>
> . . . .
>
> (B) for such equitable relief as may be appropriate, including employment, *reinstatement,* and promotion.

29 U.S.C. § 2617(a)(1) (Emphasis added.)   *Franzen,* 543 F.3d at 425, cited *Frizzell v. S.W. Motor Freight,* 154 F.3d 641, 643-44 (6th Cir. 1998), as the only circuit to have addressed the issue squarely and as having held that a plaintiff who requests back pay as a remedy has a right to a jury trial under the FMLA.

*Franzen* observed:

> In *Frizzell*, the Sixth Circuit considered the structure and the legislative history of the FMLA, particularly its close ties to the Fair Labor Standards Act ("FLSA"). Because courts have "uniformly interpreted" the remedial provisions of the FLSA to provide a right to a jury trial, *see Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 347

- 3 -

*Hosp., Inc.,* No. 12-CV-804-WMC, 2014 WL 972959, at *3 n.2 (W.D. Wis. Mar. 12, 2014) (stating "[a]n award of back-pay under the FMLA, may be a 'legal' remedy subject to a jury trial.")

*Franzen* does not discuss front pay or reinstatement, nor has the Court's research disclosed any appellate case in this circuit addressing the issue. *See Lewis v. Sch. Dist. No. 70,* 05-CV-776-WDS, 2009 WL 928874, at *3 (S.D. Ill. Apr. 6, 2009) (holding that front pay is an equitable remedy, noting that, although the Seventh Circuit has not ruled on whether front pay is an equitable remedy under the FMLA, it has held that front pay is an equitable remedy under the FLSA, *Avitia v. Met. Club of Chi.,* 49 F.3d 1219, 1231 (7th Cir. 1995), and also noting that *Kauffman v. Fed. Express Corp.,* No. 02-4068, 2006 WL 3232157, at *1 (C.D. Ill. 2006) held that it is

---

(1998), and both the structure and the legislative history of the FMLA suggest that Congress intended the remedial provisions of the FMLA to mirror those of the FLSA, the court inferred that Congress had intended to provide a right to a jury trial under the FMLA as well. *Frizzell,* 154 F.3d at 644. It also remarked that reliance on Title VII and ERISA case law for the proposition that back pay is an "equitable" remedy is inappropriate "[b]ecause the FMLA's link to the remedial provisions of the FLSA is stronger than it is to Title VII or ERISA." *Id.*

*Franzen,* 543 F.3d at 425.

an equitable remedy).[3]

Five other circuit courts of appeal have held that front-pay in an FMLA case is an equitable issue for the court.[4] The Sixth Circuit has held that a court must bifurcate the FMLA front-pay determination: The court must determine whether front pay is an appropriate form of relief for the plaintiff, but the jury must determine the precise amount of any front-pay award. *Arban,* 345 F.3d at 406.

Having considered the applicable law, the Court will treat front pay

---

[3]*Follis v. Memorial Medical Center,* No. 08-3056, 2010 WL 431920 (C.D. Ill. Jan. 29, 2010), cited by UPS in support of its contention that front pay is an equitable remedy for the court, cites *Franzen,* 543 F.3d at 425, and *Mattenson v. Baxter Healthcare Corp.,* 438 F.3d 763, 771 (7th Cir. 2006). While not disagreeing with the conclusion, the Court questions the soundness of *Follis'* reasoning because *Franzen* mentions but does not discuss front pay, and *Mattenson,* 438 F.3d at 763, addresses the front pay remedy in an Age Discrimination in Employment Act ("ADEA") case.

[4]*See Traxler v. Multnomah Cnty.,* 596 F.3d 1007, 1011 (9th Cir. 2010) (citing *Downey v. Strain,* 510 F.3d 534, 544 (5th Cir. 2007); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 964-66 (10th Cir. 2002); *Cline v. Wal-Mart Stores, Inc.,* 144 F.3d 294, 307 & n.3 (4th Cir. 1998)).) Also citing *Arban v. West Publ'g Corp.,* 345 F.3d 390, 406 (6th Cir. 2003). *See id.*

*Traxler,* 596 F.3d at 1011, held that front pay is an issue entirely for the court, citing the structure of the FMLA statute which does not explicitly grant plaintiffs the right to front pay; any front pay awards must fall within the section on equitable relief. Id. (citing 29 U.S.C. § 2617) and that the leading employment case on the point, *Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843 (2001), a Title VII case, distinguished front pay from compensatory damages, indicating that "'[a] front pay . . . award is the monetary equivalent of the equitable remedy of reinstatement.'" *Traxler,* 596 F.3d at 1012. Thus, *Traxler* held:

> Splitting the remedy into an equitable and a legal component is a false dichotomy. This is a classic case where a monetary award is inextricably linked with the equitable determination regarding reinstatement. As a proxy for reinstatement, front pay is an equitable award within the purview of the court, not the jury.

Id. *Traxler* is well-reasoned.

(and reinstatement) as entirely equitable remedies under the FMLA and, thus, as an issue for the Court. Furthermore, it declines Modjeska's suggestion that, pursuant to Fed. R. Civ. P. 39(e), ADA back pay, front pay and reinstatement evidence should be presented to the jury for purposes of an advisory verdict. The Court also declines to exclude the Niendorf report under Rule 403. UPS's concerns about the report addressing issues that are not before the jury may be resolved by redaction of the exhibit.

UPS's motion in limine (ECF No. 56) is denied as to back pay under the FMLA and granted as to front pay and reinstatement under the ADA and FMLA.

## II. Testimony of Ralph Modjeska

UPS moves to exclude the testimony of Ralph Modjeska ("Ralph")[5] under Federal Rules of Evidence 403, 601, 602, 701, 702, and 802, asserting he is not competent to testify as he does not have personal knowledge of any relevant matter; his testimony is inherently biased because he is the plaintiff's father; he does not qualify as an expert witness; and his inherently biased testimony would confuse the jury and unfairly prejudice UPS. (ECF No. 60.)

---

[5] To distinguish between Modjeska and his father, the Court refers to the father by his given name. No disrespect is intended.

The motion is denied. Modjeska does not intend to call Ralph as an expert. Lay testimony of the type that Modjeska intends to offer from his father is admissible. *See* 29 C.F.R. § 1630.2(j)(1)(v)("[t]he comparison of an individual's performance of a major life activity to the performance of the same major life activity by most people in the general population usually will not require scientific, medical, or statistical analysis. Nothing in this paragraph is intended, however, to prohibit the presentation of scientific, medical, or statistical evidence to make such a comparison where appropriate);" *E.E.O.C. v. AutoZone, Inc.,* 630 F.3d 635, 641 (7th Cir. 2010) (noting that for the purposes of summary judgment, the testimony of the plaintiff's wife was consistent with her husband's testimony to the effect that he was limited in caring for himself.)

Furthermore, according to paragraph 33 of Modjeska's declaration opposing summary judgment (ECF Nos. 41, 41-4), Ralph and Modjeska talked, and he assisted Modjeska in writing the May 2011, letter Modjeska presented to Sherry Christian ("Christian"), UPS Hub Division Manager, outlining the history of his left arm injury, related medical treatment and limitations, and problems he encountered at work with such limitations. Modjeska's brief opposing the motion, also states Ralph was able to observe any limitations due to the February 23, 2011, left arm injury

because Modjeska resided with his parents until August 2011. Ralph also has knowledge of his son's learning disability. (ECF No. 68) Because lay testimony is acceptable and Ralph appears to have personal knowledge of facts that are relevant to Modjeska's claims, UPS's motion in limine regarding Ralph's testimony (ECF No. 60) is denied.

## III. Dr. David C. Osmon's Report and Legal Opinions

UPS moves to exclude Dr. David C. Osmon's ("Osmon") report and his legal opinions (ECF No. 59-1), citing *Jiminez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013); *United States v. Sinclair,* 74 F.3d 753, 757 n.1 (7th Cir. 1993) and *Kennedy v. U.S. Postal Service*, No. 2:1-CV-0279-PPS, 2014 WL 1047820, at *12 (N.D. Ind. Mar. 17, 2014) and Fed. R. Evid. 403. (ECF No. 58.)

Expert testimony is admissible if offered by "a witness qualified as an expert by knowledge, skill, experience, training, or education," and "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597 (1993), laid the foundation for this rule, which was designed to ensure that "any and all scientific testimony or evidence admitted is not only

relevant, but reliable." *Smith v. Ford Motor Co.,* 215 F.3d 713, 718 (7th Cir. 2000) (internal quotation marks omitted).

UPS does not question either Osmon's expertise or the process he used in reaching his opinion. However, this Court finds that Osmon is qualified an a expert based on education – a Ph.D in clinical psychology with a specialty in neuropsychology (Osmon Dep., Ex. 95, 9) (ECF Nos. 74-1 & 74-2) – and experience as the Chairperson of Psychology at the University of Wisconsin-Milwaukee ("UWM"), (*id.*, Ex. 95, 9), and director of the Learning Disability Clinic at UWM where he evaluates students and UWM employees and prepares evaluations as to whether they have a learning disability for purposes of the ADA. In terms of reliability, Osmon applied a battery of tests to determine the nature and extent of Modjeska's learning disability and the appropriateness of those tests are uncontested and implicitly validated by the UPS's expert Dr. Debra Anderson ("Anderson"), who disputes the extent of Modjeska's disability, but not the battery of tests which Osmon administered.

UPS's objection to Osmon's report goes to the opinions rendered and the admission into evidence of the entire report. UPS maintains that because Osmon's report offers legal opinion on his belief as to disability under the ADA, the report and related testimony is not relevant and will

result in confusion and impinge upon a determination to be made by the jury.

UPS's motion addresses two specific opinions rendered by Osmon. The first opinion is "According to the ADA, [Modjeska's] disability deserves accommodation in the workplace." (Osmon Report, 3-4.) To large extent, this opinion is no longer relevant given the dismissal of the failure to accommodate claim based on Modjeska's learning disability and, therefore, is excluded. To the extent that it remains relevant to the harassment/constructive discharge claim, it is at best conclusory and would not be helpful to the jury. It is therefore excluded. The opinion should not be elicited by examination and should be redacted from Osmon's report.

UPS also objects to the following opinion:

> [P]er ADA dictates, accommodations would help level the playing field for [Modjeska] in any reading aspect of an academic or occupational situation. Accommodations may include extra time, audiotaped versions of any printed material, and perhaps other accommodations depending upon the exact requirements of the situation that cannot always be anticipated.

(*Id*. at 5-6.) The entire statement does not invade the province of the jury. The foregoing opinion can be easily redacted to eliminate the initial clause "Per ADA dictates." UPS also notes that Osmon begins his report by

stating that the purpose of his report was to "determine whether protection under the Americans with Disabilities Act is required for learning difficulties." (*Id*. at 1.)  In this instance that task overlaps with the task of the jury.  However, the statement does not invalidate Osmon's entire report or his opinions.

Based on the foregoing, UPS's motion in limine regarding Osmon (ECF No. 58) is granted as to "[a]according to the ADA, Michael's disability deserves accommodation in the workplace" and "per ADA dictates" and denied in all other respects.

## IV. Exclusion of UPS Exhibits 590 and 543

Modjeska moves to exclude as inadmissible hearsay under Fed. R. Evid. Rule 801(c), UPS exhibits 590 and 543 (ECF No. 86).  The motion is granted as to exhibit 590, given UPS's withdrawal of exhibit 590 (a cover letter and an independent medical report) as a potential exhibit.

Exhibit 543 is an August 12, 2011, email from Anthony Poole ("Poole"), UPS Elm Grove Twilight Manager, relating a report from Tim Runyan (an Elm Grove UPS employee), that he observed Modjeska "getting around with no problem and using his arm well" while working Security in Sussex a couple weeks earlier.  (ECF No. 87-1.)  Poole sent the email to UPS employees Dennis Paget ("Paget"), Charles Crozier

("Crozier"), and Christian, asking that someone follow up on the information.

UPS asserts the evidence is admissible as evidence of the state of mind of Poole, Christian, and Paget regarding Modjeska's willingness to violate his own lifting restriction and general enjoyment of life while the lifting restriction was in place.

The statement does not mention any lifting by Modjeska. However, to the extent that proper foundation is laid by UPS, the statement may be relevant to Poole, Christian, and Paget's state of mind with respect to Modjeska's lifting restrictions. *See Luckie v. Ameritech Corp.,* 389 F.3d 708, 716 (7th Cir. 2004). Thus, at this juncture, the motion is granted as to exhibit 590, and denied without prejudice as to exhibit 543.

## V. Clarification Of Summary Judgment Ruling Regarding Learning Disability Claims

Modjeska seeks clarification of whether the Court's October 16, 2014, Decision and Order (ECF No. 79) leaves open a claim based on Modjeska's short-term memory deficit, a disability which Modjeska disclosed to Antonio Chavez during his September 2, 2011, security interview. (ECF No. 85.) He also asks the Court to clarify whether the testimony of his expert, Osmon, and UPS's expert, Anderson, on the issue

of Modjeska's learning disability, are admissible in relation to Modjeska's claim of harassment and constructive discharge.

The answer to both questions is yes. The claim(s) remain in the case (see Court's October 16, 2014, Decision and Order, at 38-39) and the evidence, although it may not be required, is relevant to the claims. Modjeska's motion for clarification (ECF No. 85) is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

UPS's motion in limine (ECF No. 56) is denied as to back pay under the FMLA and granted as to front pay and reinstatement under the ADA and FMLA;

UPS's motion in limine to exclude Ralph Modjeska's testimony (ECF No. 60) is **DENIED**;

UPS's motion in limine to exclude Dr. Osmon's report and legal conclusions (ECF No. 58) is **GRANTED** as to "[a]ccording to the ADA, [Modjeska's] disability deserves accommodation in the workplace" and "per ADA dictates" and **DENIED** in all other respects;

Modjeska's motion in limine to exclude (ECF No. 86) is granted with respect to exhibit 590 and denied without prejudice with respect to exhibit 543; and

Modjeska's motion for clarification (ECF No. 85) is **GRANTED**.

Dated at Milwaukee, Wisconsin, thi**s 23rd** day of October, 2014.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**